**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-901C

(Filed: April 6, 2018)

```
*******************************  *
                                 *
                                 *
TODD S. GLASSEY and              *
MICHAEL E. MCNEIL,               *
                                 *
                                 *
              Plaintiffs,        *
                                 *
v.                               *
                                 *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
                                 *
*******************************  *
```

**FILED**

**APR - 6 2018**

U.S. COURT OF
FEDERAL CLAIMS

## DISMISSAL FOR FAILURE TO PROSECUTE

The Court, by its own motion, dismisses Messrs. Glassey and McNeil's ("Plaintiffs") complaint for failure to prosecute under Rule 41(b) of the Court of Federal Claims ("RCFC"). On October 31, 2017, the Government filed a motion to dismiss Plaintiffs' complaint. After receiving an enlargement of time to file its response to the Government's motion and attempting to file an amended complaint as a response, Plaintiffs still did not file a response in accordance with their January 24, 2018 deadline. On January 30, 2018, the Court issued an order requiring Plaintiffs to file a response to the Government's motion to dismiss on or before February 20, 2018. Dkt. No. 24. After Plaintiffs again failed to file a response to the Government's motion, the Court issued an order directing Plaintiffs to respond to the Government's motion, including a statement explaining why the Court should not dismiss Plaintiffs' complaint for failure to prosecute by March 21, 2018. Dkt. No. 26. In its order, the Court warned Plaintiffs that failure to comply with the Court's order would result in dismissal of the complaint. Id. Plaintiffs did not file a response by March 21, 2017 and still have not filed a response.

RCFC 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move

7012 3460 0001 7791 8217

Glassey

7012 3460 0001 7791 8224

McNeil

to dismiss the action or any claim against it." Rule 41(b) is a necessary tool to ensure efficient docket management and prevent undue delays in litigation. Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962). "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules and show cause order." Whiting v. United States, 99 Fed. Cl. 13, 17 (2011) (citing Kadin Corp. v. United States, 782 F.2d 175, 176-77 (Fed. Cir. 1986)). Here, Plaintiffs failed to respond to the Government's motion to dismiss and to the Court's show cause order. Dismissal is therefore not only appropriate, but required to maintain judicial efficiency and conserve court resources.

Accordingly, this case is DISMISSED, without prejudice, for failure to prosecute in accordance with Rule 41(b), and all pending motions are dismissed as moot. The Clerk is directed to enter judgment for the Government.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge